OPINION
PER CURIAM.
Jianqing Jiang petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.
Jianqing Jiang, a native of China, entered the United States in April 2002. She applied for asylum, withholding of removal, and relief under the Convention against Torture. Jiang argued that she would be persecuted under the family planning policy if she were returned to China. Jiang was charged as removable for entering without a valid entry document. She conceded removability. After a hearing, the IJ denied relief, granted voluntary departure, and ordered Jiang removed to China. The BIA affirmed without an opinion. Jiang then filed a petition for review, which this Court denied. See C.A. No. 06-1169.
On December 20, 2007, Jiang filed a motion to reopen with the BIA. She argued that she had given birth to a second child in the United States and would be subject to sterilization if returned to China. The BIA denied the motion; it concluded that the birth of her second child was not evidence of changed country conditions in China. The BIA further determined that the evidence she submitted did not establish changed country conditions in China to support a claim of future persecution. Jiang filed a timely petition for review.
We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir.2006). Under this standard, we may reverse the BIA’s decision only if it is “arbitrary, irrational, or contrary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA “no later than 90 days after the date on which the final administrative decision was rendered.” 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions that rely on evidence of changed circumstances arising in the country of nationality. Id. We must uphold the BIA’s factual determinations if they are supported by substantial evidence. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir.2009). Under the substantial evidence standard, we can reject the BIA’s findings only if “any reasonable adjudicator would be compelled to conclude to the contrary.” Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).
The BIA cited to prior decisions which discussed much of the background evidence Jiang submitted. See In re S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007); Matter of J-W-S-, 24 I. & N. Dec. 185, 191 (BIA 2007). In Matter of J-W-S-, the BIA concluded that China did not have a policy of requiring the forced sterilization of a parent who returns with a second child born outside of China. In In re S-Y-G-, the BIA determined that the petitioner had not shown changed country conditions. Jiang argues that these cases contradict each other and should be given little weight. However, she does not discuss the rulings of the BIA in those cases but *449 rather cites only to the BIA’s quotations of State Department findings.
Jiang argues that she has submitted evidence that the BIA did not consider in those prior decisions. However, the evidence she cites does not compel a finding that a Chinese citizen returning with a second child who is a U.S. citizen would be forcibly sterilized. Jiang points out that the Court of Appeals for the Second Circuit has admonished the BIA for ignoring the same evidence of forced sterilization that she has submitted-two administrative decisions and a Q & A handbook. Shou Yung Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir.2006). Here, however, the BIA cited to its opinion in In re S-Y-G which addressed that same evidence on remand from the Second Circuit.
Jiang contends that the BIA did not accurately describe the findings of the 2007 State Department Profile on China in Matter of J-W-S-. Jiang did not submit the 2007 Profile with her motion to reopen. Thus, it is not part of the administrative record. Our review is limited to the record before the BIA. 8 U.S.C. § 1252(b)(4)(A)(“[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.”). Moreover, the Profile does not support her contention that children born in the United States to Chinese citizens will necessarily be counted for the purposes of the family planning policy. It states that the Family Planning Commission of Fujian Province, where Jiang is from, does not count children born abroad under the family planning policy if they are not registered as permanent residents of China.
Jiang asserts that the Villagers’ Committee Letter she has submitted, along with her background information, establishes changed country conditions. In the letter, the Villagers’ Committee informs Jiang that if she returns to China and registers her children in the household registration, they will be considered Chinese citizens and she will have to comply with the family planning laws. The Committee stated that Chinese citizens with two children are targets for sterilization. Jiang points to an earlier BIA decision which granted a motion to reopen based on a similar letter. Here, however, the BIA rejected the letter because it did not state who had drafted it.
Moreover, the BIA noted that the letter was undermined by an April 2007 “Report of Investigation” Jiang submitted. The report stated that village committees are not authorized to make decisions on family planning issues and such notices should be considered invalid. Jiang argues that China’s family planning policy is implemented by local village committees but cites only to the BIA’s decision in In re J-W-S-, which quotes the 2007 Profile’s findings that implementation of the birth control policy is the responsibility of “local officials.” This single sentence, from a document outside the record, does not compel a finding that the village notice Jiang submitted should be considered valid, especially in light of evidence in the record discounting such notices.
Jiang argues that sterilizations can be forced by means other than physical coercion, including economic persecution. While “deliberate imposition of severe economic disadvantage which threatens a petitioner’s life or freedom may constitute persecution,” Zhen Hua Li v. Attorney General, 400 F.3d 157, 168 (3d Cir.2005), there is no evidence that the potential financial penalties meet this standard. Jiang cites to the BIA’s citation in In re JW-S — to State Department findings that such sanctions left women with no choice but to be sterilized. However, the BIA in In re J-W-S — concluded that the alien failed to provide evidence that the econom *450 ic sanctions would rise to the level of persecution.
Jiang has not shown that the record would compel any reasonable adjudicator to conclude that she had shown that she was prima facie eligible for asylum based on changed country conditions. Moreover, Jiang’s argument that she is entitled to file a successive asylum application is foreclosed by our decision in Liu v. Attorney General, 555 F.3d 145, 150-51 (3d Cir.2009).
For the above reasons, we will deny the petition for review. The government’s motion to dismiss is denied.